BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Telephone: 949.863.3363
Facsimile: 949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| In re:<br><br>THOMAS J. CHEK,<br><br>Debtor, | Case No. 18-30006<br><br>Chapter Number: 13<br><br>**SECURED CREDITOR Trinity FINANCIAL SERVICES, LLC'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN**<br><br>**Plan Confirmation Hearing:**<br><br>**Date: 03/21/18**<br>**Time: 1:00 p.m.**<br>**Ctrm: 17 (San Francisco)** |
|---|---|

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects to confirmation of the Debtor's proposed Amended Chapter 13 Plan [Dkt. No. 18] (the "Plan") in the above-referenced matter. This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of its Objection, Trinity respectfully states as follows:

I. **INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtor's Plan, as it entirely fails to provide for Trinity's claim. Debtor's plan proposes to pay Trinity nothing on account of its

secured claim. For the reasons set forth herein, the Court should deny confirmation of the Plan unless Debtor amends the Plan to provide for Trinity's claim.

## II. ARGUMENT

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan Cannot Be Confirmed Because It Does Not Provide for the Full Value of Secured Creditors' Claims

2. 11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

3. Trinity is scheduled by the Debtor as a secured creditor holding a claim against the Debtor's residence, 900 Arlene Way, Novato, CA 94947-6905 (the "Property") [Docket No. 12].

4. The Debtor has not filed any motion to avoid Trinity's lien, or provided any appraisal to indicate such lien is avoidable.

5. Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Both Select Portfolio Servicing's claim and Trinity's claim are secured by the Property, which is the Debtor's principal residence. Thus, the plan may not modify Trinity's secured claim. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993) (determination that bank's claim is partially secured "does

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4814-1562-9148 v1
06836-0090

- 2 -

18-30006
OBJECTION TO PLAN

Case: 18-30006   Doc# 23   Filed: 02/08/18   Entered: 02/08/18 17:34:50   Page 2 of 5

not necessarily mean that the 'rights' the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.").

6. The Debtor's Plan cannot be confirmed as proposed because it fails to treat Trinity's secured claim. The Plan fails to provide for the cure of Trinity's pre-petition arrears, and thus violates Section 1322(b)(5). The Plan also fails to provide for monthly payments on Trinity's claim going forward. As the Debtor's Plan fails to treat Trinity's claim, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**B. The Plan is Not Proposed in Good Faith**

7. The Debtor's Statement of Financial Affairs indicates he operates a business, ForeIncentives [Docket No. 12 at 28, 33-34]. However, the Debtor has failed to schedule business expenses in the required attachment to Schedule I [Docket No. 12 at 23].

8. The Debtor fails to commit his entire disposable income of $782.39 to the Plan [Docket No. 22 at 26].

9. The Debtor's car payment exceeds the IRS standard for transportation costs [Docket No. 22 at 26].

10. The Debtor's schedules indicate that the Debtor's expenses in the coming year are "Unknown at this time." [Docket No. 22]. Creditors thus do not have any certainty that the Debtor will be able to complete a plan.

///

///

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4814-1562-9148 v1
06836-0090

- 3 -

18-30006
OBJECTION TO PLAN

Case: 18-30006   Doc# 23   Filed: 02/08/18   Entered: 02/08/18 17:34:50   Page 3 of 5

## III. CONCLUSION.

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in the alternative, that the Plan be amended to provide for the payment of Trinity's claim.

Dated: February 8, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: *[signature]*
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
Trinity FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4814-1562-9148 v1
06836-0090

- 4 -

18-30006
OBJECTION TO PLAN

Case: 18-30006   Doc# 23   Filed: 02/08/18   Entered: 02/08/18 17:34:50   Page 4 of 5

# PROOF OF SERVICE

I, Bernadette C. Antle, am over the age of eighteen (18) years, and not a party to the within action. My business address is 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067.

On **February 8, 2018**, I caused to be served a true and correct copy of **SECURED CREDITOR Trinity CAPITAL INVESTMENTS, LLC'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Los Angeles, California, **and/or** by NEF as addressed as follows:

**By NEF:**

- **David Burchard**  TESTECF@burchardtrustee.com, dburchard13@ecf.epiqsystems.com
- **Kelsey Luu**  ecfcanb@aldridgepite.com, kluu@ecf.inforuptcy.com
- **Russell Marne**  russell@marne.com
- **Office of the U.S. Trustee / SF**  USTPRegion17.SF.ECF@usdoj.gov

**By Mail:**

**Thomas J. Chek**
900 Arlene Way
Novato, CA 94947-6905

**Hon. Dennis Montali - Chambers Copies**
U.S. Bankruptcy Judge
Mail Box 36099
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **February 8, 2018**

                                              Bernadette C. Antle

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4814-1562-9148 v1
06836-0090

- 5 -

18-30006
OBJECTION TO PLAN

Case: 18-30006  Doc# 23  Filed: 02/08/18  Entered: 02/08/18 17:34:50  Page 5 of 5