Russell K. Marne #163816
The Marne Law Group
30 North San Pedro Road, Suite 195
San Rafael, CA 94903
Telephone: (415) 499-8100

Russell@Marne.com

Attorneys for Debtor,
Thomas Chek

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THOMAS J. CHEK,<br><br>Debtor. | Chapter 13<br><br>Case No.: 18-30006 DM<br><br>**DEBTORS' OPPOSITION TO TRUSTEE'S MOTION TO DISMISS CASE PRIOR TO CONFIRMATION**<br><br>Date: May 16, 2018<br>Time: 1:10 PM<br>Ctrm: 450 GOLDEN GATE AVENUE<br>      16TH FLOOR – COURTROOM 17<br>      SAN FRANCISCO, CA 94102 |

      THOMAS J. CHEK (the "Debtor") by and through his counsel, opposes the Motion to Dismiss filed by David Burchard, Chapter 13 Trustee (the "Trustee"). Debtor moves the Court to deny the motion for the reasons set forth below.

      In his *Motion to Dismiss* Attachment "A", the Trustee sets forth 17 unresolved issues. Compliance with the Trustee's requests ad seriatim are as follows:

1. Debtor has resolved this inquiry and has provided Trustee with the necessary documentation showing that the transfer in question was the direct result of the closure of a small savings account at Bank of America held in the name of the non-filing spouse. Debtor was unaware that the account had been closed by the non-filing

1

spouse. Debtor will amend his Statement of Financial Affairs forthwith to reflect the bank account closure which occurred on September 11, 2017.

2. Debtor has resolved this inquiry and has provided Trustee with the necessary documentation showing the Schwab brokerage account (No. XXXX6029) balance on the date of the instant bankruptcy case filing on January 4, 2018. Debtor will amend his asset schedules forthwith to reflect this account holding.

3. Debtor has resolved this inquiry to the best of his ability and has provided Trustee with the necessary documentation in direct response to this request. 2017 K-1s have yet to be issued by Roam-Tel Partners and ForeIncentives LLC.

4. Debtor has resolved this inquiry and has provided Trustee with the necessary documentation in direct response to this request. ForeIncentives LLC Tax Returns (2014-2016) were sent to the Trustee via email transmittal.

5. Debtor's counsel met and conferred with counsel for Trinity Financial Services, LLC on May 1, 2018 – no agreement was made as to plan treatment for the creditor. Debtor will file the appropriate Motion to Value and Avoid Lien forthwith as well as an Amended Chapter 13 Plan.

6. Debtor's counsel met and conferred with counsel for Towd Point Mortgage Trust, et al. – no formal agreement has been made as to plan treatment for the creditor. Debtor will file an Amended Chapter 13 Plan forthwith.

7. Debtor's counsel met and conferred with counsel for Trinity Financial Services, LLC on May 1, 2018 – no agreement was made as to plan treatment for the creditor. Debtor will file the appropriate Motion to Value and Avoid Lien forthwith as well as an Amended Chapter 13 Plan.

////

8. Debtor will file the appropriate Motion to Value and Avoid Lien forthwith as to creditor (Hillside Park East Homeowners Association).

9. Debtor will file the appropriate Motion to Value and Avoid Lien forthwith as to creditor (Max Kemsley).

10. Debtor will file the appropriate Motion to Value and Avoid Lien forthwith as to creditor (Wells Fargo Bank).

11. Debtor has been and is collecting data relative to the creation of an Amended Chapter 13 Plan. Debtor will file an Amended Chapter 13 Plan forthwith.

12. Debtor requests clarification as to this request as Section 7 of Debtor's current Chapter 13 Plan clearly sets forth the Nonstandard Provisions of the Plan and establishes specific modifications. Debtor will file an Amended Chapter 13 Plan forthwith.

13. Debtor has been and is collecting data relative to the creation of an Amended Chapter 13 Plan. Debtor will file an Amended Chapter 13 Plan forthwith.

14. Debtor is diligently collecting data (medical bills) relative to Schedule J and the Chapter 13 Plan as currently filed with this Court. Debtor will file an Amended Chapter 13 Plan forthwith as well an Amended Schedule J if necessary.

15. Debtor has resolved this inquiry to the best of his ability and has provided Trustee with the necessary documentation in direct response to this request. Verification of the marital adjustment was provided to the Trustee on February 1, 2018 in the form of Payment Advices for the non-filing Spouse. The adjustment in question is simply the monthly amount of non-filing spouse's paycheck deductions from her current employer. Question 13 on Debtor's First Amended Form 122C-1 stands correct as is, and Debtor has no intention of amending.

3

16. The request at hand is moot. Debtor filed a First Amended Form 122C-1 reflecting "Disposable Income Is Not Determined" on March 20, 2018. Debtor's (and non-filing spouse's) Social Security Income was incorrectly categorized in the initial Form 122C-1 filed with this Court on January 15, 2018 in that said income does not qualify as disposable. Accordingly, Debtor amended his Form 122C-1 to reflect the correct categorization of the Social Security Income. The resulting means test calculation resulted in no necessity to file an Amended Form 122C-2 since "Disposable Income Is Not Determined."

17. Debtor has resolved this inquiry to the best of his ability and has provided Trustee with the necessary documentation in direct response to this request. The real property valuation in question was sent to the Trustee via email transmittal.

The Debtor opposes dismissal and shows the court the following in connection with each issue:

1. Debtor has submitted and/or amended a majority of the documents requested from the Trustee in this matter.
2. Dismissal of the case is not in the best interest of creditors and would frustrate Debtor's right to a fresh start as provided under the bankruptcy code.

For all the above reasons the Motion for Dismiss should be denied. In the event the court deems any issue still unresolved the Debtor requests 15 days to make the appropriate correction or responsive filing.

May 2, 2018                           /s/ Russell K. Marne
                                                  Russell K. Marne, Attorney for the Debtor

4

DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION TO DISMISS CASE PRIOR TO CONFIRMATION
Case: 18-30006    Doc# 35    Filed: 05/02/18    Entered: 05/02/18 20:51:21    Page 4 of 4