Russell K. Marne SBN 163816
The Marne Law Group
30 North San Pedro Road, Suite 195
San Rafael, CA 94903
Telephone: (415) 499-8100
Russell@Marne.com

Attorneys for Debtor,
THOMAS J. CHEK

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re

THOMAS J. CHEK,

                    Debtor(s).

Chapter 13

Case No.: 18-30006 DM

MOTION TO VALUE AND AVOID LIEN
OF TRINITY FINANCIAL SERVICES,
LLC; DECLARATION OF DEBTOR;
EXHIBIT "A"

THOMAS J. CHEK, hereinafter referred to as "Debtor", respectfully moves
through counsel, pursuant to Bankruptcy Rule 3012 and 11 USC § 506(a), for an order
valuing and avoiding the junior lien held by Trinity Financial Services, LLC, its assignee,
transferee and any other successor in interest (hereinafter altogether referred to as
"Creditor").

In support of such motion, Debtor alleges as follows:

1. Debtor filed this chapter 13 bankruptcy case on January 4, 2018.

2. Debtor owns the real property commonly known as 900 Arlene Way,
Novato, CA 94947-6905 (hereinafter referred to as "the Property"). This
property is also identified by assessors parcel number (APN 160-601-38)
in the State of California, County of Marin and City of Novato. This
property is further identified in Exhibit "A" which is attached hereto and
contains a legal description of the property.

1

MOTION TO VALUE AND AVOID LIEN; DECLARATION OF DEBTOR(S); EXHIBIT "A"

3. At the time of filing, the Property was encumbered by a senior Deed of Trust to Towd Point Mortgage Trust 2017-4, U.S. Bank National Association, as Indenture Trustee in the amount of $550,700.41 and a junior Deed of Trust to Trinity Financial Services, LLC in the amount of $83,532.10. Creditor's junior Deed of Trust is recorded as document number 2005-0066104; recorded on 08/19/2005 in the Official Records for the County of Marin.

4. The Debtor is informed and believes, based upon sales of comparable properties in his/her neighborhood, his/her familiarity with the property and/or consultation with an experienced real estate agent/broker and/or consultation with online valuation sources, that the fair market value of the Property is $543,000.00.

5. The Property is worth less than what is currently owed to the holder of the senior Deed of Trust. Creditor's junior Deed of Trust is entirely unsecured and there is no equity to support said lien.

6. The claim of Creditor predicated on such junior Deed of Trust is a wholly unsecured lien against Debtor's real property and is accordingly not protected by the anti-modification clause of Bankruptcy Code § 1322. Lender Creditor's junior lien claim should therefore be valued pursuant to 11 USC § 506(a) and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation, voided, cancelled, extinguished and formally stripped off of Debtor's real property so that it no longer remains a recorded lien or encumbrance on Debtor's real property. The claim of Creditor on its junior Deed of Trust should not be paid as a secured claim for any amount whatsoever. In re Zimmer (9th Cir. 2002) 313 F.3d 1220, 1222-1225.

7. The 9th Circuit rule in In re Zimmer allowing such wholly unsecured junior lien claim to be stripped off Debtor's real property through a chapter 13

2

plan is in harmony with all of the other Circuit decisions which have considered the issue.  See In re Lane (6th Cir. 2002) 280 F.3d 663, 667-669; In re McDonald (3rd Cir. 2000) 205 F.3d 606, 615; In re Tanner (11th Cir. 2000) 217 F.3d 1357; In re Mann (BAP 1st Cir. 2000) 249 BR 831; In re Bartee (5th Cir. 2000) 212 F3d 277.

8. Bankruptcy Rule 3012 provides that the "valuation of security" may be done by noticed motion rather than adversary proceeding and accordingly the within motion to determine and value lender's secured claim at zero ($0) dollars in Debtor's chapter 13 reorganization plan is proper.

WHEREFORE, Debtor prays for an order pursuant to 11 USC § 506(a) and Bankruptcy Rule 3012:

1. Valuing the secured claim of junior lienholder Creditor at zero dollars ($0), determining that Creditor does not have a secured claim and that said Lien cannot be enforced;

2. Voiding, cancelling and extinguishing the junior lien claim and junior Deed of Trust held by Creditor leaving Creditor no right, title, or interest in the Property via the Lien;

3. That the order be binding upon all of Creditor's assignees, transferees and any other successors in interest;

4. For such other and further relief, at law or in equity, as the court may deem just and proper.

DATED:  May 21, 2018                    /s/ Russell K. Marne
                                        Russell K. Marne, Attorney for
                                        Debtor(s)

3

## DECLARATION OF DEBTOR

I, THOMAS J. CHEK, declare that I have read the foregoing motion and the factual matters stated therein are true and correct of my own knowledge and belief. I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Executed on: May 21, 2012

/s/ THOMAS J. CHEK_____
Debtor

4

# EXHIBIT A

## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of Marin, City of Novato and described as follows:

PARCEL ONE:

Lot 96 as shown upon that certain Map entitled "Map of Hillside Park Unit 2, Novato, Marin County, California", filed for record December 20, 1979 in Volume 17 of Maps, at Page 100, Marin County Records.

PARCEL TWO:

AN EXCLUSIVE EASEMENT for garage space purposes over Parcel C-96, and an exclusive easement for parking space purposes over Parcel S-96 both as shown upon that certain filed for record December 20, 1979 in Volume 17 of Maps, at Page 100, Marin County Records, and as defined and limited by the Declaration of Covenants, Conditions and Restrictions recorded August 19, 1986 as Instrument No. 86 044877, and an amendment thereto recorded August 25, 1986 as Instrument No. 86 046142, Marin County Records.

PARCEL THREE:

RIGHTS AND EASEMENTS for ingress, egress, and the use and enjoyment over Common Areas designated B-6, B-7, B-8, B-9, and B-10, D-7, D-8, D-9, D-10, D-11 and D-6 as shown upon the map entitled, "Map of Hillside Park Unit 2, Novato, Marin County, California", filed for record December 20, 1979 in Volume 17 of Maps, at Page 100, Marin County Records, and as provided for in the Declaration of Covenants, Conditions and Restrictions recorded August 19, 1986 as Recorder's Serial No. 86 044877, and Amendment thereto recorded August 25, 1986 as Instrument No. 86 046142, Marin County Recorders.

(End of Legal Description)

APN: 160-601-38

THE MAP CONNECTED HEREWITH IS BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THIS MAP SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THIS MAP MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAPS NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP.