BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Telephone: 949.863.3363
Facsimile: 949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>THOMAS J. CHEK,<br><br>Debtor, | Case No. 18-30006-DM<br><br>Chapter Number: 13<br><br>**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO THIRD AMENDED CHAPTER 13 PLAN** |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects to confirmation of the Debtor's proposed Third Amended Chapter 13 Plan [Docket No. 64] (the "Plan") in the above-referenced matter. This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of its Objection, Trinity respectfully states as follows:

**I.      INTRODUCTION**

Despite a flurry of recent activity in this case by the Debtor, the Debtor still fails to address the basic issues preventing confirmation of the Plan. Trinity requests that the Court deny confirmation of the Plan and dismiss this case, as it still fails to contribute all of his disposable income to the Plan for the first 3 months. As reflected in the Debtor's second amended Schedule J [Docket No. 38 at page 26], the Debtor has disposable income in the amount of $748.76.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-7805-6047 v1
06836-0090

- 1 -

18-30006
OBJECTION TO THIRD AMENDED PLAN

Case: 18-30006    Doc# 66    Filed: 08/13/18    Entered: 08/13/18 12:19:17    Page 1 of 5

However, the Debtor is only contributing funds in the amount of $534.27 for the first three months [Docket No. 64 at page 1]. The Debtor should be required to contribute all of his disposable income to the Plan, which would allow for creditors to exit from this bankruptcy much more quickly. Additionally, the Debtor filed a *Declaration of a Third Party in Support of Feasibility of the Plan* [Docket No. 65] (the "Contribution Declaration"). However, Declarant Thomas Chek, Jr. merely states that he is able to provide "assistance for the life of the Plan as needed." The Declarant fails to state the quantity of funds he is contributing to the Plan, and fails to provide any proof that he is able to assist with funding the Plan. For the reasons set forth herein, the Court should deny confirmation of the Plan and dismiss this case.

## II. ARGUMENT

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan is Not Feasible Because It Relies on Family Contributions

2. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Additionally, "[t]he Debtor bears the burden of proof in establishing his ability to make the payments needed under the plan, and must provide sufficient factual basis for the Court to determine both the regularity and stability of his income." *In re Porter*, 276 B.R. 32, 38 (Bankr. D. Mass. 2002).

3. Chapter 13 plans that require contributions from non-debtors to achieve feasibility are "disfavored." *In re Deutsch*, 529 B.R. 308, 312 (Bankr. C.D. Cal. 2015) (denying confirmation of a plan relying on contributions by the debtor's cohabiting significant other). In general, to approve a plan calling for family contributions, courts require "a firm commitment by the family member to make the contributions and a long and undisputed history of providing for the debtor." *In re Mercer*, No. 2:14-BK-31175-TD, 2015 WL 5735810, at *1 (Bankr. C.D. Cal.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-7805-6047 v1
06836-0090

- 2 -

18-30006
OBJECTION TO THIRD AMENDED PLAN

Case: 18-30006    Doc# 66    Filed: 08/13/18    Entered: 08/13/18 12:19:17    Page 2 of 5

Sept. 29, 2015). Courts have also observed that, "as a general proposition, gratuitous payments to a debtor by his relatives do not constitute regular income." *In re Campbell,* 38 B.R. 193, 196 (Bankr. E.D.N.Y. 1984). A court may permit exceptions where the contributions come from a non-debtor spouse, pursuant to a contractual or legal obligation, or where there has been a history of regular payments. *Id.*

4. In this case, none of the exceptions apply. The Debtor has not provided sufficient evidence that his Chapter 13 plan is feasible. All of the Debtor's previous schedules—including the original schedules and the amended versions in March and May [Docket Nos. 30 and 38]— omitted contribution income, so the Court should not accept a late-filed contribution declaration that emerges once it has become clear the Debtor lacks the finances to fund his Plan. The Debtor may not simply make up numbers as he goes along. *See In re Antoine,* 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997) (contributions by family members do not, as a general rule, constitute regular income, and confirmation has been denied to plans premised on such payments to the debtor where there was no history of such payments and they were only promised on as "as needed" basis).

5. In this case, the filed Contribution Declaration commits all of the mistakes warned about in the case law. The Debtor's relative declares only that he will assist in carrying out the Plan "financially as necessary." Contribution Declaration at ¶ 3. The relative's commitment is also limited to the plan term, and will only be provided "as needed." *Id.* at ¶ 4. The relative bases this commitment on his "well paying job," but does not provide any specifics as to his income. *Id.* at ¶ 5. The plan contributor also does not cite to any legal or contractual basis for his support of the Debtor. Further, there is no evidence of the required "long and undisputed history of providing for the debtor." *In re Mercer*, 2015 WL 5735810, at *1.

6. Because the hoped-for "contribution" from the Debtor's son is to cover a shortfall in the Debtor's net income that has existed all year, confirmation should be denied and the case converted to Chapter 7. *See In re Porter*, 276 B.R. at 38 ("this Court, along with many others to have considered this issue, will always be reluctant to confirm a Chapter 13 plan, whose feasibility depends so significantly upon contributions from family members of a debtor, and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-7805-6047 v1
06836-0090

- 3 -

18-30006
OBJECTION TO THIRD AMENDED PLAN

Case: 18-30006    Doc# 66    Filed: 08/13/18    Entered: 08/13/18 12:19:17    Page 3 of 5

where no legally binding obligation currently exists").

## III. CONCLUSION

The Debtor is clearly unable to service his secured claims, and has languished in this Court for the past eight months. Trinity submits that dismissal of this case is appropriate. If the Court is not inclined to dismiss this case, Trinity respectfully requests that the Plan not be confirmed as proposed.

Dated: August 13, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

# PROOF OF SERVICE

I, Bernadette C. Antle, am over the age of eighteen (18) years, and not a party to the within action. My business address is 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067.

On **August 13, 2018**, I caused to be served a true and correct copy of **SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO THIRD AMENDED CHAPTER 13 PLAN** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Los Angeles, California, **and/or** by NEF as addressed as follows:

**By NEF:**

- **David Burchard**   TESTECF@burchardtrustee.com, dburchard13@ecf.epiqsystems.com
- **Rafael Ramon Garcia-Salgado**   rgarcia@bwslaw.com, bantle@bwslaw.com
- **Kelsey Luu**   ecfcanb@aldridgepite.com, kluu@ecf.inforuptcy.com
- **Russell Marne**   russell@marne.com
- **Office of the U.S. Trustee / SF**   USTPRegion17.SF.ECF@usdoj.gov
- **Richard J. Reynolds**   rreynolds@bwslaw.com, psoeffner@bwslaw.com

**By Mail:**

**Thomas J. Chek**
900 Arlene Way
Novato, CA 94947-6905

**Honorable Dennis Montali**
U.S. Bankruptcy Judge
Mail Box 36099
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **August 13, 2018**

_____
Bernadette C. Antle

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4812-7805-6047 v1
06836-0090

- 5 -

18-30006
OBJECTION TO THIRD AMENDED PLAN

Case: 18-30006   Doc# 66   Filed: 08/13/18   Entered: 08/13/18 12:19:17   Page 5 of 5